UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 06-CR-30012 |
| ) | |
| STEVEN BOYCE, et al., ) | |
| ) | |
| Defendants. ) | |

### SENTENCING MEMORANDUM

NOW COMES the Defendant, STEVEN BOYCE, by and though his attorneys, GATES, WISE & SCHLOSSER, P.C., and submits his Sentencing Memorandum for the Court's consideration at sentencing on January 25, 2007.

### STATUS OF CASE

On or about March 30, 2005, the Defendant, STEVEN BOYCE, was approached by law enforcement agents and interviewed about the activities of the night janitors at the Herndon Building. Mr. Boyce spoke candidly and truthfully about the night janitors' activities at that time and immediately agreed to cooperate with the government in whatever manner the government deemed necessary. Mr. Boyce's cooperation continued until he was indicted for wire fraud on or about February 3, 2006. Thereafter, Mr. Boyce's cooperation with the government continued as well as his acceptance of responsibility. Mr. Boyce entered a timely guilty plea on August 24, 2006, and testified for the government at the trial of co-Defendant, Cecil Turner. Sentencing is scheduled for January 25, 2007.

## SENTENCING CONSIDERATIONS

The United States Sentencing Guidelines are no longer mandatory. *U.S. v. Booker*, 125 S.Ct. 738 (2005). The district court has the discretion to impose a sentence which is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a), while still taking into consideration the applicable Guideline range. *Id.*

The guiding principle of Section 3553(a) is that a sentence be "sufficient, but not greater than necessary, to comply with the" the purposes of sentencing. 18 U.S.C. § 3553(a). The Court is directed to consider such factors as: the nature and circumstances of the offense; the history and characteristics of the defendant; the kinds of sentences available; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

## ANALYSIS OF PERTINENT 3553 FACTORS

Mr. Boyce submits the following discussion of pertinent sentencing factors that favor a sentence lower than that suggested by the applicable Guideline Range.

    **A.**    **The Nature and Circumstances of the Offense Warrant a Sentence Below the Guideline Range.**

The Indictment alleges that the scheme among the Herndon Building janitors began "in or about April 1999" and continued "until or about the end of August 2005" (Indictment, para. 13). While this is true with respect to co-defendants Dinora and Medvesek, Mr. Boyce did not join the Herndon Building janitorial crew until nine months after the initial scheme began. The scheme began with Mr. Boyce's co-defendants and a

2

janitor Mr. Boyce later replaced.  In April of 1999, the night janitors at the Herndon Building and Court of Claims were Dana Dinora, Dave Medvesek and another un-indicted individual.  It was not until December of 1999 that Mr. Boyce was transferred to clean those buildings to replace this individual (*Memorandum of Tom Carmean* dated December 21, 1999, verifying Mr. Boyce's transfer to the Herndon Building crew).

With respect to Mr. Boyce, the scheme did not "continue until on or about August 2005."  Mr. Boyce began cooperating with the government on March 30, 2005, and was expected and instructed to continue the scheme under case agent supervision as part of that cooperation.

In this matter, it is clear that a scheme to defraud the State of Illinois of honest services was devised and initiated by co-defendants Dinora, Medvesek and Mr. Boyce's predecessor.  This position is supported by paragraph 20 of the PSI where Randy Lewis, in March of 1999, discovered that the Herndon Building janitors were not working as scheduled.  Mr. Lewis' discovery of the scheme predated Mr. Boyce's transfer to the Herndon Building by nine months.  Randy Lewis was removed from supervising the Herndon janitors on April 6, 1999  (*Memorandum of Tom* Carmean, dated April 6, 1999, removing Randy Lewis as supervisor of the Herndon janitorial crew).

While Mr. Boyce accepts full responsibility for joining the scheme after being transferred to the Herndon Building, the fact that the scheme had already been planned and initiated prior to his transfer should be considered by this Court when evaluating the nature and circumstances of the offense.  Consideration of this factor weighs in favor of imposing a sentence below the Guideline Range.

### B. The History and Characteristics of the Defendant Warrant a Sentence Below the Guideline Range.

Information received in discovery reveals that Mr. Boyce provided the citizens of Illinois with dedicated service from his initial employment with the State beginning September 5, 1984 until joining the fraudulent scheme in 2005 – a period of more than twenty years. For all that time, Mr. Boyce was a responsible public servant. The evidence reveals that Mr. Boyce was recruited into participating in the pre-existing scheme by co-defendants Dinora and Medvesek. As reported by co-defendant Medvesek, Mr. Boyce was chosen to replace another janitor because "he was a hard worker, easy to get along with, and he never took any sick days" (*FBI 302 Report Interview of Medvesek* dated December 23, 2005).

Mr. Boyce's supervisor also recognized Mr. Boyce as the hardest, most dependable worker among the three indicted janitors *(FBI 302 Report of Individual [unidentified by name]* dated September 8, 2005). When Dodie Stannard needed a janitor to temporarily supplement the staff of another building, she would always request Mr. Boyce for this reason. *Id.*

Mr. Boyce's former supervisor, Randy Lewis, reported that he was surprised to hear that Mr. Boyce was fired because he had always been a good janitor (*FBI 302 Report of Interview of Randy* Lewis dated November 30, 2005). According to Mr. Lewis, whenever crews Mr. Boyce was on would start to get complacent, he would remind them to minimize the complaining and that they were there to work. *Id.* Mr. Lewis believed that co-defendants Dinora and Medvesek had Mr. Boyce transferred because he would do

whatever he was asked to do. *Id.*

While Mr. Boyce accepts full responsibility for joining the scheme after being transferred to the Herndon Building, his twenty years of prior faithful service to the citizens of this State should be considered by this Court when evaluating the history and characteristics of the Defendant. Consideration of this factor weighs in favor of imposing a sentence below the Guideline Range.

**B.      The Need to Provide Restitution to the State Warrants a Sentence Below the Guideline Range.**

The PSI reveals that, in addition to his State employment, Mr. Boyce has worked for the Young Men's Christian Association (YMCA) since November 6, 1983 – more than 20 years. Mr. Boyce currently earns a little more than minimum wage. Nevertheless, the YMCA has allowed him to continue his employment even after he informed it of his Indictment and conviction. When contacted by the federal probation department, the accountant for the YMCA described Mr. Boyce's performance in his duties as "excellent."

It is doubtful that the YMCA would continue Mr. Boyce's employment should he be sentenced to any period of incarceration. Mr. Boyce is 60 years old and an honorably discharged veteran from the United State's Army. As this Court knows, a felony conviction seriously diminishes his employment prospects.

It is anticipated that Mr. Boyce's pension contributions will be forfeited in favor of the State to partially satisfy restitution due in this case. In addition, Mr. Boyce has agreed to liquidate his modest stockholdings in Prudential Financial in order to satisfy

5

restitution due in this case.

While Mr. Boyce accepts full responsibility for joining the scheme after being transferred to the Herndon Building, the fact that he has maintained a minimum wage, part-time job for more than twenty years should be considered by this Court when evaluating the need to provide the State with restitution while allowing Mr. Boyce to remain a productive citizen.

### D. Recognition of Mr. Boyce's Substantial Assistance Warrants a Sentence Below the Guidelines.

Mr. Boyce began to cooperate when first approached in March of 2005, and he never hesitated to do what was asked of him. Mr. Boyce participated in hundreds of overhears, provided supporting documentation, and met with government agents on a regular basis to coordinate further evidence gathering. Agent Chris Lamb has described to the undersigned attorney that Mr. Boyce's cooperation was "extraordinary." Mr. Boyce documented his efforts from March 31, 2005 through August 30, 2005.

Presumably, the evidence gathered by Mr. Boyce persuaded co-defendants Dinora and Medvesek to cooperate with the government. Once the Indictments were filed and he pleaded guilty, Mr. Boyce met with the government agents on numerous occasions and testified at co-defendant Turner's trial. Much of the evidence introduced in co-defendant's trial was a direct result of Mr. Boyce's cooperation.

It is anticipated that the government will recommend a downward departure due to Mr. Boyce's cooperation. In that event, it is anticipated that the government will inform the Court of Mr. Boyce's extraordinary efforts to "make things right."

While Mr. Boyce accepts full responsibility for joining the scheme after being transferred to the Herndon Building, the circumstances surrounding his acceptance of responsibility and exceptional efforts to assist the government should be considered by this Court in fashioning an appropriate sentence for him.

## CONCLUSION

For the reasons stated above, a sentence substantially below the Guidelines Range would be appropriate in this case.  A sentence of straight probation or, in the alternative, a split sentence that would allow Mr. Boyce to maintain his long-term employment with the YMCA would be reasonable.

          Respectfully Submitted,
          **STEVEN BOYCE**,

          By:   \s\Frederick J. Schlosser
                  One of His Attorneys.

Frederick J. Schlosser (#6209954)
***GATES, WISE & SCHLOSSER, P.C.***
1231 South Eighth Street
Springfield, IL 62703
Tel: (217) 522-9010
Fax: (217) 522-9020

## CERTIFICATE OF SERVICE

       I hereby certify that on January 22, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Mr. Gregory M. Gilmore<br>Assistant U.S. Attorney | greg.gilmore@usdoj.gov |
| Mr. Patrick J Chesley<br>Assistant U.S. Attorney | pat.chelsey@usdoj.gov |
| Mr. Richard Kim | kim@springfieldlawfirm.com |
| Mr. Michael Metnick | metnick@springfieldlawfirm.com |
| Mr. Jon Gray Noll | noll@noll-law.com |
| Mr. James E Elmore | elmoreandreid@sbcglobal.net |

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Mr. Steven Boyce

                                         s/Frederick J. Schlosser
                                         Frederick J. Schlosser Bar #6209954
                                         Gates, Wise & Schlosser, P.C.
                                         1231 South Eighth Street
                                         Springfield, Illinois  62703
                                         Telephone: 217/522-9010
                                         Facsimile: 217/522-9020
                                         E-mail: fred@gwspc.com