## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) NO. 06-30012-003 |
| STEVEN BOYCE, | ) |
| Defendant, | ) |
| ILLINOIS STATE RETIREMENT SYSTEMS, | ) |
| Third Party Respondent. | ) |

### MEMORANDUM OF FACTS AND LAW
### IN SUPPORT OF MOTION FOR TURNOVER ORDER

**A. Background Facts**:

1. On January 29, 2007, a criminal judgment was entered against the Defendant, STEVEN BOYCE, and he was ordered to pay $31,800.89 restitution to the victim of his offense. The judgment specified that the defendant shall pay the amount of his refund from the State Retirement System to the U.S. District Clerk's Office within 7 days of the receipt of the refund. (Doc. 117 p. 5-6)

2. On February 23, 2007, at the request of the United States, a Citation to Discover Assets was issued against ILLINOIS STATE RETIREMENT SYSTEMS, Third Party Respondent. (Doc. 122)

3. On March 21, 2007, the Third Party Respondent filed an answer to the citation proceedings in which it stated that it had possession of property being deposits in the retirement system totaling $22,317.00 (after adjustment that re-computed earnings and deducted 4% retirement pickup of $1,272) and that, unless the payment is rolled over, the Illinois State Retirement System is required by federal law to withhold 20% for income tax withholding. (Doc. 131)

2

4. As of April 4, 2007, $8,600.00 has been paid on the judgment debts; therefore, the balance due on the restitution is $23,600.09 principal and $177.43 restitution interest at the rate of 5.07% for a current total of $23,777.52 as of April 5, 2007.   See Clerk's Account attached as Exhibit A

**B. Law**

5. The United States Attorney has the responsibility to enforce collection of unpaid criminal restitution judgments. 18 U.S.C. § 3612(c).

6. The United States Attorney may enforce collection of criminal restitution orders using the federal or state law practices and procedures for enforcement of a civil judgment. 18 U.S.C. § 3613 (a) & (f).

7. Illinois State law allows a judgment creditor to file a citation to discover assets for the "purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from enforcement of the judgment." 735 ILCS5/2-1402(a).

8. Under Illinois citation procedures, when assets of the judgment debtor not exempt form the satisfaction of the judgment are discovered, the Court may by appropriate order compel any person cited to deliver up any assets so discovered to be applied to the judgment when those assets could be recovered by the judgment debtor or enter any order that could be entered in any garnishment proceeding. 735 ILCS 5/2-1402(c)(3)&(4).

9. The Defendant's lump sum pension benefit is not exempt from satisfaction of the criminal restitution order in this case.

10. A criminal restitution order may be enforced against all property or rights to property except property exempt from a levy for taxes pursuant to those tax levy exemptions in § 6334 (a), subsections (1)-(8), (10) & (12)) of the Internal Revenue Code. 18 U.S.C. § 3613 (a)(1) & (f).

11. The tax code exemptions contain an exemption for certain annuity and pension payments being pensions under the Railroad retirement Act, pensions received by a person whose name has been

entered on a military honor roll, and other military annuities based on retired or retainer pay. There is no exemption for other employer pension plans. 26 U.S.C. § 6334(a)(6).

12. Furthermore, the Court specifically directed that the Defendant pay his pension refund to this judgment.

13. Pursuant to Local Rule, the parties have fourteen (14) days after the service of the Motion and Memorandum to file a response. CDIL-LR 7.1B(1).

Wherefore, the Court should enter an order directing the ILLINOIS STATE RETIREMENT SYSTEMS to turnover to the Clerk of the U.S. District Court the contributions in the Defendant's retirement account (as adjusted), less 20% required tax withholding for payment on the monetary debt of STEVEN BOYCE in this case.

Respectfully submitted,

**RODGER A. HEATON**
**UNITED STATES ATTORNEY**

DATE: April 6, 2007

s/Elizabeth L. Collins
Elizabeth L. Collins, Bar No. 487864
Attorney for the Plaintiff
United States Attorney's Office
318 S. 6th Street
Springfield, Illinois 62701
Tel: 217-492-4450
Fax: 217-492-4888 or 4580
E-mail: Beth.Collins@usdoj.gov

4

**CERTIFICATE OF SERVICE**

It is hereby certified that service of the foregoing **MEMORANDUM OF LAW** has been made by placing in the United States mail, postage prepaid, addressed to:

>Steven Boyce, Reg.No. 14577-026
>Chicago MCC
>71 W. Van Buren Street
>Chicago IL 60605
>
>Illinois State Retirement Systems
>Attn: Mr. Joseph S. Maggio
>2101 S. Veterans Parkway
>Post Office Box 19255
>Springfield, IL 62794-9255

DATE: April 6, 2007

>s/Elizabeth L. Collins
>Elizabeth L. Collins, Bar No. 487864
>Attorney for the Plaintiff
>United States Attorney's Office
>318 S. 6th Street
>Springfield, Illinois 62701
>Tel: 217-492-4450
>Fax: 217-492-4888 or 4580
>E-mail: Beth.Collins@usdoj.gov

E-FILED
Friday, 06 April, 2007 01:47:31 PM
Clerk, U.S. District Court, ILCD

United States District Court
Account Summary

04/04/2007

BOYCE, STEVEN

| | |
|---|---|
| Case Number | 0753 1 0630012 003 |
| Assessment | 400.00 |
| Fine | 0.00 |
| Restitution | 31,800.09 |

Special Assessment - 504100

| Payment date | Receipt | Payment by | Payment | Interest | Total Due |
|---|---|---|---|---|---|
| 02/22/2007 | S8600 | CHECK | 400.00 | | 0.00 |

Restitution - 6855XX

| Payment date | Receipt | Payment by | Payment | Interest | Total Due |
|---|---|---|---|---|---|
| 02/22/2007 | S8600 | CHECK | 8,200.00 | | 23,600.09 |

Restitution Interest at 5.07% accrued through April 5, 2007 is $177.43

EXHIBIT A